IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSE MORA, #81024-020                                                                              PETITIONER

VERSUS                                                    CIVIL ACTION NO. 5:11-cv-163-DPJ-FKB

WARDEN, FCC-Yazoo City (Medium)                                                  RESPONDENT

<u>ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner

Jose Mora, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, files this

petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Upon review of the petition,

the Court finds it should be dismissed.

I.        **Background**

Mora was convicted in the United States District Court for the Eastern District of

Virginia on three counts of being a felon in possession of a firearm and possession of a stolen

firearm, and is serving an 84-month sentence.  *See United States v. Mora*, 275 F. App'x 193, 194

(4th Cir. 2008).  He then filed a direct appeal to the United States Court of Appeals for the

Fourth Circuit, which affirmed his conviction and sentence.  *Id*.  Subsequently, Mora filed a

motion to vacate pursuant to 28 U.S.C. § 2255, which was denied.  Pet. [1] at 2.  He then

unsuccessfully appealed the denial of his motion to vacate pursuant to 28 U.S.C. § 2255.

After apparently exhausting administrative remedies, Mora filed the instant petition

contending that his presentence report ("PSR") contains false information which has "caused the

Bureau of Prisons to label the petitioner as a sex offender, even though Mora has never been

convicted of a sex offense."  Pet. [1] at 1.  As a result of the false information in his PSR, Mora

complains that his eligibility to participate in a "halfway house [early release program] as well as

[other] programs and BOP facility designations" has been affected.  *Id*.  Mora seeks writ under §
2241 requesting that his "sentence . . . be vacated and remanded back to the district court for
resentencing."  *Id*. at 14.

## II.  Analysis

Mora's request for § 2241 habeas relief is based on claims that his due process rights are
being violated because (1) his PSR contains false information, and (2) the sentencing court failed
to rule on his objections to that false information.  Pet. [1] at 3.  But as discussed below, § 2241
is not the proper statute for bringing such claims.

As noted by the Fifth Circuit Court of Appeals, "[a] petition for a writ of habeas corpus
pursuant to [section] 2241 is not a substitute for a motion under [section] 2255."  *McGhee v.
Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam) (cited in *Pack v. Yusuff*, 218 F.3d 448, 452
(5th Cir. 2000)).  Section 2241 is available to "attack[] the manner in which a sentence is carried
out or the prison authorities' determination of its duration."  *Pack*, 218 F.3d at 451.  Such
petitions are heard by the court with jurisdiction over the facility where the prisoner is
incarcerated, *id.*, which provides jurisdiction for the Court to hear Mora's case.  Section 2255, in
contrast, is the proper means of attacking "errors cognizable on collateral review that occurred
'at or prior to sentencing.'"  *Id*.  (citations omitted).  Such motions "must be filed in the
sentencing court."  *Id*. (citations omitted).

In this case, the relief Mora seeks relates to matters that occurred at or prior to
sentencing.  They are not, therefore, properly asserted under § 2241, and "[a] section 2241
petition that seeks to challenge the validity of a federal sentence must either be dismissed or
construed as a section 2255 motion."  *Id*. at 452.  There is, however, an exception to this general

rule.  A prisoner can resort to § 2241 if he satisfies his burden of establishing the so-called

savings clause of § 2255, which "provides a means to petition the courts for issuance of the

'Great Writ' when § 2255 is inadequate or unavailable."  *See Wesson v. U.S. Penitentiary*

*Beaumont, TX*, 305 F.3d 343, 345– 46 (5th Cir. 2002).

"To fall under this provision, petitioner must claim actual innocence and retroactivity."

*Frees v. Maye*, No. 11-50296, 2011 WL 4349322, at *2 (5th Cir. Sept. 19, 2011) (citing

*Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001)).  As such,

> the savings clause of § 2255 applies to a claim (I) that is based on a retroactively
> applicable Supreme Court decision which establishes that the petitioner may have
> been convicted of a nonexistent offense *and* (ii) that was foreclosed by circuit law
> at the time when the claim should have been raised in the petitioner's trial, appeal,
> or first § 2255 motion.

*Reyes-Requena*, 243 F.3d at 904 (emphasis added).

In this case, Mora was not convicted of a "nonexistent offense."  *Id*.  He was found

guilty of being a felon in possession of a firearm and possession of a stolen firearm.  Those

crimes have never been retroactively voided.  Thus, Mora fails to meet the first prong of the test.

*See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (finding "[w]here the petitioner's case

has been viewed as falling within the savings clause, it was in part because the petitioner

arguably was convicted for a nonexistent offense"); *see also Jeffers v. Chandler*, 253 F.3d 827,

831 (5th Cir. 2001) (deciding that simply because Jeffers's jury was not instructed that it had to

convict him unanimously on each of the specific violations that made up the alleged continuing

series of violations, this did not amount to a claim that he was convicted of a "nonexistent

offense" as required by *Reyes-Requena*).  Because Mora was required to prove both prongs of

3

the *Reyes-Requena* test to access the savings clause of § 2255, this Court need not address the second prong.

Finally, it is worth noting that Mora filed an unsuccessful § 2255 motion in the sentencing court.[1]  But the lack of success under § 2255 fails to establish that the § 2255 remedy is "inadequate or unavailable."  Mora had "an unobstructed procedural shot at getting his sentence vacated, and was unsuccessful."  *Pack*, 218 F.3d at 453 (citations and quotations omitted).  As the Fifth Circuit has consistently noted, "a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." *Id.* at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (internal quotation marks omitted).  Likewise, the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective.  *Jeffers*, 253 F.3d at 830 (citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).

Because Mora's claim fails to meet the stringent requirements of the savings clause, his § 2241 Petition must be dismissed.  *Pack*, 218 F.3d at 452.  And to the extent this Court could construe these claims pursuant to § 2255, the motion must be filed in the sentencing court.  *Id.* at 451; *see also* 28 U.S.C. § 2255(a).  Because Mora was sentenced in the United States District Court for the Eastern District of Virginia, he is required to pursue his § 2255 motion in that court.  This Court lacks jurisdiction to consider the motion.

---

[1]A review, *via* National Pacer Service, of Mora's criminal case docket, *United States v. Mora*, criminal case number 2:07-cr-62-RAJ-JEB-1, shows that Mora filed on October 25, 2011, a motion [137] challenging the factual inaccuracies of PSR pursuant to Federal Rules of Criminal Procedure 32(c)(3)(D).  That motion [137] was denied by an order [138] entered on November 2, 2011.

**III.    Conclusion**

As stated above, § 2241 is not the proper statute for Mora to assert his claim that his PSR contains false information and furthermore, Mora has not met the "savings clause" of § 2255. Consequently, this petition [1] for relief pursuant to § 2241 is dismissed with prejudice as frivolous, and, to the extent that the petition can be construed as a § 2255 motion, it is dismissed with prejudice for lack of jurisdiction. *See Ojo v. Immigration and Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997).

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 22nd day of December, 2011.


s/ *Daniel P. Jordan III*

UNITED STATES DISTRICT JUDGE